UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUNITA BALLARD, TASHA BOWEN, DEBRA DOYLE, ERIKA FORBES, REBECCA KLINGMAN, DEVRA SAWYER a\k\a ALANI WORRELL, LISA SIMMONS, and CINDY WELLS,<br><br>Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC., a Delaware corporation, ELTON EDUCATION, INC., a Washington corporation d/b/a BRYMAN COLLEGE; TIMOTHY ALLEN; a Washington State resident,<br><br>Defendants. | Case No. C06-5256 FDB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR REMAND |

This matter comes before the Court on Plaintiffs' Motion for Remand to State Court. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies the motion for remand for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

This action is related to and mirrors three other cases currently before this Court, *Fisher et al v. Corinthian Colleges, Inc.*, C05-5412; *Reed v. Corinthian Colleges, Inc., et al.*, C05-5601; and

ORDER - 1

*Anderson et al. V. Corinthian Colleges Inc., et al.*, C06-5157. In each of the related cases this Court has found federal jurisdiction due to complete diversity between the parties and the amount in controversy exceeds $75,000. See, 28 U.S.C. § 1332(a)(1). In *Anderson* the Court found Timothy Allen was fraudulently joined and dismissed him from the action. Elton Education, Inc. was determined to be a nominal party and ignored for the purposes of determining diversity jurisdiction.

Defendant Corinthian Colleges, Inc. (hereafter, Corinthian) owns and operates career focused schools across the U.S. and Canada, including the Tacoma campus of Bryman College. Plaintiffs in this case all enrolled in and completed a nine-month medical assisting program at the Tacoma campus of Bryman College. Plaintiffs filed the instant action in Superior Court of the State of Washington. The named defendants are Corinthian, Elton Education, Inc., d/b/a Bryman College, Timothy Allen. Corinthian is a Delaware corporation with its principal place of business in California. Elton Education, Inc. is a previous owner of the Tacoma campus, operating under the name of Elton Technical Institute. Corinthian acquired Elton Education, Inc. in June, 2003. Since the purchase, Elton Education has been administratively dissolved and has no offices in Washington. All of Elton Education's assets and liabilities are controlled, managed and belong to Corinthian. Timothy Allen is a Washington resident. Allen is President of Bryman College's Tacoma campus. Allen is not a corporate officer of Corinthian.

The complaint asserts causes of action for (1) intentional misrepresentation/fraud, (2) negligent misrepresentation, (3) violation of Washington's Consumer Protection Act, RCW 19.86 *et seq*. and (4) breach of contract. Plaintiffs allege that these misrepresentations induced their enrollments and regarded, among other things, the nature and quality of the school and its programs and the marketability and placement of the school's graduates.

Defendants removed the action to this Court on the basis of original jurisdiction under 28 U.S.C. §1332(a)(1), asserting that the non-diverse defendants Allen and Elton Education were fraudulently joined to defeat jurisdiction..

ORDER - 2

1  In response, Plaintiffs have filed a motion for remand on the sole basis[1] that "the defense has failed to prove that the amount in controversy meets the federal court's minimum jurisdictional requirements of $75,000 (exclusive of attorneys' fees and costs), per plaintiff, under 28 U.S.C.A. §1332." In support of this position, counsel for Plaintiffs has submitted a post-removal declaration asserting "Plaintiffs shall not seek recovery of more than $75, 000 (exclusive of attorneys' fees and costs) as total damages in this case." The declaration itemizes the damage claims for (a) refund of tuition, (b) compensation for time loss while completing schooling, and (c) treble damages for violation of Washington Consumer Protection Act. The declaration fails to provide a dollar amount for (a) the claims for time loss compensation for a reasonable period of time following graduation, (b) the claim for general damages, and (c) the recovery of attorney's fees.

The Defendants have filed a reply that setting forth a calculation that demonstrates the requested damages per individual plaintiff, exclusive of general damages and attorney's fees, approaches or exceeds the $75,000 threshold. The nearly fifty other plaintiffs in the related cases have made demands far exceeding the threshold; having claimed $50,000 in general damages.

**MOTION FOR REMAND**

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district ... where such action is pending." 28 U.S.C. § 1441(a). One instance in which the district courts of the United States have "original jurisdiction" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The proper procedure for challenging removal to federal court is a motion to remand. A federal court must order remand if

---

[1] Plaintiffs do not contend there is a lack of pure diversity, apparently conceding the fraudulent joinder of Timothy Allen. See, *Anderson et al. V. Corinthian Colleges Inc., et al.*, C06-5157.

ORDER - 3

there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. Id. at 567; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

The jurisdictional minimum may be satisfied by claims of general and specific damages, attorney's fees, and by punitive damages. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Gibson v. Chrysler Corp., 261 F.3d 927, 946 (9th Cir. 2001); Galt v. Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In diversity cases where the amount in controversy is in dispute, a reviewing court may look beyond allegations in the complaint and consider other evidence relevant to the amount in controversy at the time of removal. The court may consider facts presented in the removal petition as well as any summary judgment type evidence relevant to the amount in controversy at the time of removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The court can consider the amount in controversy based on the damages that can reasonably be anticipated at the time of removal. Simmons v. PCR Technology, 209 F. Supp.2d 1029, 1035 (N.D. Cal. 2002); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). In determining the amount in controversy, the court may consider damage requests and awards in similar cases. Kroske, at 980; De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir.1993).

Despite Plaintiff' assertion to the contrary, the calculations for the declared amount of damages (tuition, lost time and CPA violations) either approaches or exceeds the $75,000 threshold for jurisdiction. Based on the claims in the related cases, an additional $50, 000 is in controversy as general damages. Further, the Ninth Circuit considers a request for an award of attorney's fees when assessing the amount in controversy. See, Galt, at 1155-56; Simmons, at 1034. These amounts

ORDER - 4

taken together clearly exceed the $75,000 jurisdictional threshold.

Post-removal stipulations reducing the amount in controversy below the jurisdictional limit do not defeat federal jurisdiction if the amount in controversy was satisfied at the time of removal. See, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000); In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992). The post-removal declaration of Plaintiffs' counsel will not defeat jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiffs motion for remand should be denied. Timothy Allen and Eton Education, Inc. are sham defendants. The amount in controversy exceeds $75,000 per individual Plaintiff. The Court has diversity jurisdiction and the action was properly removed to this Court.

ACCORDINGLY,

IT IS ORDERED:

1. Plaintiffs' Motion for Remand [Dkt. #7] is DENIED.

DATED this 28th day of June, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5