UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUNITA BALLARD, TASHA BOWEN, DEBRA DOYLE, ERIKA FORBES, REBECCA KLINGMAN, DEVRA SAWYER a\k\a ALANI WORRELL, LISA SIMMONS, and CINDY WELLS,<br><br>Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC., a Delaware corporation, ELTON EDUCATION, INC., a Washington corporation d/b/a BRYMAN COLLEGE; TIMOTHY ALLEN; a Washington State resident,<br><br>Defendants. | Case No. C06-5256 FDB<br><br>ORDER GRANTING CORINTHIAN COLLEGES INC.'S MOTION FOR A STAY PENDING ARBITRATION |

This matter comes before the Court on Corinthian Colleges, Inc.'s Motion for a Stay of the Action Pending Arbitration. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion staying this action pending resolution of the issues referred to arbitration.

**INTRODUCTION AND BACKGROUND**

Plaintiffs in this action plead jointly the exact same facts claiming that the education they

ORDER - 1

received at the Tacoma campus of Corinthian Colleges, Inc. (hereafter, Corinthian) has no value because the school's medical assistance program from which they graduated was not at the time of their attendance, programmatically accredited. This lack of accreditation did not allow the graduates to sit for a certification exam. Plaintiffs allege they were misled by disclosures and that there were deficiencies in the quality of the education. This action is related to and mirrors three other cases currently before this Court, *Fisher et al v. Corinthian Colleges, Inc.*, C05-5412; *Reed v. Corinthian Colleges, Inc., et al.*, C05-5601; and *Anderson et al. V. Corinthian Colleges Inc., et al.*, C06-5157.

Although all plaintiffs in the related cases plead essentially identical claims, a number of the Plaintiffs signed enrollment agreements containing an arbitration clause, while others signed enrollment agreements without an arbitration clause. In each of the related cases, this Court has ordered those Plaintiffs who signed arbitration agreements submit to arbitration. In the instant case, by Order dated June 28, 2006, this Court granted Corinthian's motion to compel arbitration of the claims filed by plaintiff Debra Doyle and dismissed her claims from this action. In *Fisher et al.*, C05-5412, this Court determined that twenty-one select plaintiffs were subject to arbitration provisions contained in their written enrollment agreements. The Court entered an Order dated August, 9, 2005, compelling said plaintiffs to submit their claims to arbitration and dismissing their claims from the action pursuant to the terms of the arbitration provisions. Subsequently, an additional plaintiff was found to be subject to arbitration and dismissed from the action by Stipulated Order of Dismissal. In *Fisher et al.*, this Court also granted the same relief sought in the instant case. The Court entered an Order staying the action pending resolution of arbitration of the claims of the twenty-two signatories to arbitration clauses.

**DISPOSITION**

The Federal Arbitration Act, 9 U.S.C. §§ 1-16, reflects a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Section 3 of the FAA effectuates this policy by favoring arbitration over litigation. It

ORDER - 2

provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. A court must stay an action pursuant to Section 3 where the action is brought by a signatory to an arbitration agreement against another signatory to that agreement, on claims subject to that agreement. Javitch v. First Union Secs., Inc., 315 F.3d 619, 624 (6th Cir. 2003).

A court has discretion to stay an action brought by a signatory to an arbitration agreement against a nonsignatory to the agreement, based on its inherent powers, and a stay may be appropriate "where the pending proceeding is an arbitration in which issues involved in the case may be determined." Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 441 (2nd Cir. 1964). Even though a nonsignatory may not invoke Section 3 in moving to stay an action pending arbitration, a district court has discretion to stay third party litigation involving common questions of fact within the scope of an arbitration agreement to which the third party is not a signatory. AgGrow Oils, L.L.C. v. National Union Fire Ins. Co., 242 F.3d 777, 782 (8th Cir. 2001). See also, IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 530 (7th Cir. 1996)(though only a party to an arbitration is entitled to a Section 3 stay, nonsignatories may be entitled to a stay "under the doctrine of abstention applicable to parallel proceedings in judicial and arbitral fora."). The Supreme Court has stated:

> In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court (or to the state trial court under applicable state procedural rules) as a matter of its discretion to control its docket.

Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 20, nt 23 (1983).

A stay is justified when a nonsignatory lawsuit depends upon the same facts and is inherently

ORDER - 3

inseparable from the arbitrable claims. Hill v. GE Power Sys., Inc., 282 F.3d 343, 347 (5th Cir.2002). Courts should also consider whether an independent action by nonsignatories would involve significant expense and inconvenience. WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2nd Cir.1997). A decision about whether to grant a stay should be consider whether litigation by a party not bound by an arbitration provision may impair an arbitrator's consideration of claims against a party that is compelled to arbitrate. Subway Equipment Leasing Corp. v. Forte, 169 F.3d 324, 329 (5th Cir. 1999); Kroll v. Doctor's Associates, Inc., 3 F.3d 1167, 1171 (7th Cir.1993).

This Court has discretion to stay proceedings against parties and non-parties to an arbitration when the resolution of the civil proceeding would involve a common question of law or fact within the scope of the arbitration agreement. As previously noted on numerous occasions, the claims asserted in the complaint are brought by Plaintiffs jointly and are grounded in identical facts and legal theories. Simultaneous prosecution of the claims in arbitration and this litigation would clearly be a waste of judicial resources. In addition, given the interdependence of the claims, simultaneous litigation of such claims in separate forums would likely lead to a duplication of effort, as well as the risk of inconsistent decisions and inefficiencies. Although Plaintiffs briefly assert that there is no appropriate reason to stay these proceedings, the Court is convinced otherwise. Further, the Court finds imposition of a stay will present no significant judice to Plaintiffs.

ACCORDINGLY,

IT IS ORDERED:

Corinthian Colleges, Inc.'s Motion for Stay of Action Pending Arbitration [Dkt. #15] is **GRANTED**, and this case is STAYED pending resolution of the issues referred to arbitration.

DATED this 16th day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4